No. 18,478.

ROBERT B. ROGERSON *v.* LLOYD K. RUDD.

(345 P. [2d] 1083)

Decided November 2, 1959.   Rehearing denied November 23, 1959.

Messrs. FISCHER & FISCHER, for plaintiff in error.

Mr. RICHARD J. BERNICK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in reverse order of their appearance in the trial court; the defendant in error will be referred to as plaintiff and plaintiff in error as defendant.

Plaintiff commenced this action to rescind a contract entered into with defendant whereby defendant had sold and delivered to plaintiff certain registered cattle, and as payment for which plaintiff had paid to defendant $5000.00 and given his note for the balance of the purchase price. Plaintiff's complaint alleges that the cattle were warranted to be registered or eligible for registration and that there was a material breach whereby plaintiff was entitled to rescission and also entitled to recover some $5000.00 he had expended in caring for the cattle.

The defendant by answer denied breach of any warranty and alleged that plaintiff did not rely upon any warranty but upon his own judgment after inspection of the cattle. He also filed a counterclaim seeking some $9000.00 alleged loss suffered by him on account of the return of the cattle.

On trial to the court at the close of plaintiff's evidence, on motion of defendant, plaintiff's complaint was dismissed for failure to prove the allegations of the complaint. Defendant had judgment on his counterclaim for the amount of $5239.01. This judgment was reviewed by writ of error and the judgment reversed and the cause remanded for a new trial. *Rudd v. Rogerson,* 133 Colo. 506, 297 P. (2d) 533. In that decision only one question was determined:

"Question to be Determined.

"DID PLAINTIFF ESTABLISH A PRIMA FACIE CASE BASED UPON THE THEORY THAT DEFENDANT SOLD THE CATTLE IN QUESTION UNDER THE EXPRESS WARRANTY THAT THEY WERE SPECIFICALLY REGISTERED CATTLE, OR ELIGIBLE FOR REGISTRATION AS THE OFFSPRING OF IDENTIFIED ANIMALS?

"The question is answered in the affirmative."

After remand the plaintiff filed a motion for summary judgment upon the basis of the record made in the previous trial and the record on error in the Supreme Court, including the opinion of this court. Over the objection of defendant this motion was granted as to the issue of liability, defendant's counterclaim was dismissed and testimony taken with reference to the extent of plaintiff's damages and at the conclusion thereof judgment was entered in favor of plaintiff for $10,885.66.

The defendant is here by writ of error, seeking reversal on the grounds, among others, (1) that there were unresolved issues of fact before the court which precluded entry of summary judgment, and (2) the court's refusal to hear evidence of defendant to sustain the allegations of his answer.

Apparently the trial court was of the erroneous opinion that this court had on review of the previous trial resolved all of the issues of fact in favor of plaintiff. The opinion of this court very plainly stated the question to be determined and the answer thereto, and the only question determined was that plaintiff's proof was sufficient to make out a prima facie case requiring defendant to produce, if available, evidence to the contrary. This court did not determine or resolve any issue in the case, did not determine the truth of any allegations contained in the complaint, answer or counterclaim, and ordered a new trial for the purpose of having the issues presented by the pleadings adjudicated.

It is elementary that summary judgment may not be granted where unresolved genuine issues of material facts remain for determination.

See *Central Bank v. Robinson,* 137 Colo. 409, 326 P. (2d) 82, wherein we quote with approval from *Morland v. Durland Co.,* 127 Colo. 5, 252 P. (2d) 98:

"To warrant the granting of summary judgment, the situation must be such that no material factual issue remains in the case. The intent and purpose of the rule

is that, where the facts are undisputed, or so certain as not to be subject to dispute, the court is in position to determine the issue strictly as a matter of law. It is properly to be exercised only where the facts are clear and undisputed, leaving as the sole duty of the court the determination of the correct legal principles applicable thereto. *Parrish v. De Remer,* 117 Colo. 256, 273, 274, 187 P. (2d) 597, 606; *Smith v. Mills,* 123 Colo. 11, 15, 225 P. (2d) 483, 485; see, also, *Flanders v. Kochenberger,* 118 Colo. 104, 111, 112, 193 Pac. 281, 285; *Tamblyn v. City and County of Denver,* 118 Colo. 191, 193, 194, 194 P. (2d) 299, 300. * * *."

■ Defendant in the first trial was, by reason of the court's order sustaining defendant's motion to dismiss plaintiff's complaint, relieved of the burden of proving the allegations of his answer; on the second trial he was denied the privilege of proving anything — hence it is quite apparent that he has not had his day in court.

The judgment of the trial court is reversed and the cause remanded for trial on all issues presented by the complaint, answer, counterclaim, and amendments thereto, and any further amendments that may be allowed by the trial court.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.