No. 18,716.

HERMAN KOSCOVE *v.* MINERVA J. BRUNGER, ET AL., AS
PACKERS WHOLESALE MEATS.
(352 P. [2d] 961)

Decided June 13, 1960.

Mr. JOHN F. MUELLER, for plaintiff in error.

Mr. SOLOMON GIRSCH, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as defendant and to defendants in error as plaintiffs.

The action involves an agreement between defendant Herman Koscove as seller, and plaintiffs, doing business as Packers Wholesale Meats, as purchasers, for the sale of furniture, fixtures and equipment located in a storeroom at 1526 Market street in Denver. Under the terms of the agreement plaintiffs made a down payment of $1,500.00. The action was brought to recover damages for an alleged breach of warranty, failure to deliver all the goods purchased, and failure of defendant to give a bill of sale thereto, as agreed.

Defendant denied the breach of warranty; alleged that he did have good title to the goods; that plaintiffs did take possession thereof; that he tendered a good and sufficient bill of sale, and further that plaintiffs had disposed of some of the fixtures making it impossible for them to return the same to him. By way of counterclaim he asked for judgment against plaintiffs for the balance of the purchase price, amounting to $1,500.00.

The case was tried on the theory of rescission and the instructions of the court submitted it to the jury on that issue. Neither party objected to the instructions given. The jury found for plaintiffs in the sum of $1,625.00 and against defendant on his counterclaim. Motion for a new trial was filed, heard, overruled, and judgment entered on the verdict.

Defendant first contends:

"That the evidence of plaintiffs conclusively established that there was no basis for a rescission of the agreement alleged in the complaint and the cross complaint of the defendant."

We have read the entire record in this case and are of the opinion that there was sufficient evidence to submit this question to the jury. The record discloses that before plaintiffs were able to withdraw the chattels from their location at the time of sale, the landlord of defendant padlocked the building and asserted a lien thereon under the terms of a lease of the premises in which the fixtures and equipment had been stored, or

housed, for a considerable time. No definite action was taken by defendant to remove this alleged lien until a matter of weeks after the deal was made. The claimed lien was finally released by payment of a substantial consideration to the property owner by defendant. During all this time the lien claimant denied plaintiffs the right of entry for the purpose of completely removing the fixtures and equipment which they had purchased from defendant. It is also disclosed by the evidence that the belated release of the lien was the result of a stipulation of settlement of an action pending in the district court between defendant and the property owner. Plaintiffs had no knowledge of the claims of the property owner and of the suit pending at the time they contracted to purchase the property.

The second contention of defendant is:

"That plaintiffs were not entitled to rescind the contract between themselves and defendant because they could not comply with the provisions of the Uniform Sales Act requiring the return of personal property delivered to them, or an offer to return the same, because they had disposed of a portion of the said personal property and were unable to place the defendant in status quo."

This contention gives rise to the following question:

*Where a seller of chattels is guilty of a breach of an implied warranty of title, and the purchaser relying upon such warranty has sold or disposed of a minor portion of the chattels, may the purchaser, upon learning of the defect of title, elect to rescind the entire transaction?*

■ The answer is in the affirmative. Applicable provisions of the Uniform Sales Act are C.R.S. 1953, 121-1-13, which deals with implied warranties of titles; and C.R.S. '53, 121-1-69, which provides, inter alia, that, upon breach of warranty a purchaser may:

"Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been

received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

Subsection (3) of this statute provides that:

"Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were at the time the property was transferred to the buyer. If deterioration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale."

The motion for a new trial filed by defendant was based solely on the ground that the jury had failed to take into consideration the matter of a heater and two coolers which plaintiffs failed to tender back to defendant. There is nothing in the record to indicate that the jury did not consider these items. Defendant himself testified that the heater did not belong to him and that he did not agree to sell it to plaintiffs. There is evidence that the two coolers were given to a fixture dealer upon his undertaking to remove them from the building, and there was no evidence that they had any cash value.

It seems apparent that any loss or injury to the inconsequential part of the total of goods and chattels involved was occasioned by the breach of warranty on the part of defendant.

The judgment therefore is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.