## No. 20,200.

LLOYD K. RUDD *v.* ROBERT B. ROGERSON.

(381 P. [2d] 995)

Decided May 27, 1963.

MR. RICHARD J. BERNICK, for plaintiff in error.

Messrs. FISCHER and FISCHER, Mr. JAMES D. BEATTY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in the same order as in the trial court where Rudd was plaintiff and Rogerson defendant. We shall refer to them by name.

Rudd seeks review of a judgment of the District Court of Boulder County dismissing both his complaint and Rogerson's counterclaim for failure to prosecute. We note this is the third time this court has considered some aspect of this case and for that reason a brief history of the facts involved will be set forth.

The record discloses that the original complaint in this action concerned the sale of cattle and was filed in November 1953 for the rescission of the contract and for damages. After various amendments to the pleadings the case came to issue on the second amended complaint and on an amended answer and counterclaim. The trial took place in December 1954 and ended in a dismissal of Rudd's complaint and an affirmative judgment on Rogerson's counterclaim in the amount of $5,239.01. This judgment was reviewed by this court in *Rudd v. Rogerson,* 133 Colo. 506, 297 P. (2d) 533 (1956), where it was reversed and remanded with directions to grant a new trial.

Following the remand Rudd, in December 1956, filed a motion for summary judgment for $13,500.00 and dismissal of the counterclaim. This was granted in January 1957 following which Rogerson brought a writ of error. This court reviewed that judgment in *Rogerson v. Rudd,* 140 Colo. 548, 345 P. (2d) 1083 (1959) and again reversed and remanded with directions for a trial on all the issues.

The record now before us discloses that in March 1960 the case was again at issue and ready for trial. Rudd's attorney was unable to be present in the court for the first term day, and he contacted Mr. Forrest S. Blunk,

one of Rogerson's attorneys, and requested that he appear and obtain a setting; however, on the term day when the case came up it was passed.

No further activity appears until November 27, 1961. At that time Mr. Albert P. Fischer, one of Rogerson's attorneys, filed a motion to dismiss for failure to prosecute and on December 1, 1961, Rudd's attorney filed a notice that on December 4, 1961, he would request a setting, the notice being mailed November 28th. It appears, however, that about November 20, 1961, Rudd's attorney had found out that the case would not be automatically set for trial under the court rules for the 8th judicial district so he contacted Mr. Blunk again, the attorney he had been dealing with, and told him that he intended to obtain a setting on November 29th, but Blunk asked him to wait and set it down for December 4th. Co-counsel Fischer's motion to dismiss followed this as above mentioned. The record discloses that Rudd's attorney had been advised to file his notice of setting by the court clerk's office.

At the hearing on the motion to dismiss Rudd's attorney testified under oath. He stated that during the period from March 1960 to November 1961 he had been in contact with Mr. Blunk on several occasions. Each time he asked if Mr. Blunk had heard anything from the court about the date for the trial, it appearing that he was under the impression that the setting was to be an automatic procedure once the case was at issue. He testified that Mr. Blunk assured him on each occasion that he had heard nothing. Finally, as stated earlier, Rudd's then attorney, who was not a local lawyer and was the fourth attorney in succession for Rudd, became aware of the fact that under the court rules it was up to the plaintiff to obtain the setting so he immediately took steps to have this done. At this point it was also discovered that through some error in the clerk's office the case had not been carried on the docket after the March 1960 term day, though it had not been either set or dismissed. Mr.

Albert P. Fischer, who filed the motion to dismiss, advised the court he thought the case had been dismissed earlier but found no order, so filed his motion.

After hearing the evidence on Rogerson's motion the case was dismissed for failure to prosecute, the judgment reading in part as follows:

"Rule XIII of the Revised Rules of the District Court of the Eighth Judicial District, adopted April, 1955, provides as follows:

'Rule XIII. Dismissal for Failure to Prosecute. Section 1. Upon the first day of each term of Court, at the calling of the docket, all cases in which no progress has been made during the previous term will, unless otherwise ordered, be retired from the docket and dismissed for want of prosecution; on condition, however, that same may be reinstated by order of Court for good cause shown, during the term. If any such case be not reinstated before the expiration of such term, then such case will stand dismissed without further action of the Court. Such dismissal, upon becoming final, shall be with prejudice.

'Sec. 2. * * * any party to a civil action may, upon due notice to the opposite party, or his attorney, apply to have any action dismissed with prejudice when such action has not been prosecuted or brought to trial with due diligence.'

"Rule 41 of the Colorado Rules of Civil Procedure, (b) (1) and (b) (2), provide as follows:

'(b) Involuntary Dismissal. (1) By defendant. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.'

'(2) By the Court. Actions not prosecuted or brought to trial with due diligence may, on notice, be dismissed with prejudice by the court pursuant to rules adopted by it.'

"Since the case was not prosecuted with due diligence, and since the defendant was under the misapprehension

that the case had previously been dismissed under the rule of the Court, it is found to be not unreasonable to dismiss the case at this time."

Two grounds are urged for reversal. The first is that Rogerson's counterclaim places the same burden on him as on Rudd to diligently prosecute the action; and, second, that Rudd personally has been diligent in his desire to have the case brought to trial. We shall consider these as a single issue.

█ It is a well established rule in Colorado that a trial court may dismiss an action for failure to prosecute. *Yampa Co. v. Velotta,* 83 Colo. 235, 263 Pac. 717 (1928). This inherent power rests in the sound discretion of the trial court but it is not an unlimited authority. Where there are facts that serve as mitigating circumstances for the delay, they should be considered by the court and dismissal denied upon a proper showing. *Cervi v. Greenwood,* 147 Colo. 190, 362 P. (2d) 1050 (1961). Rudd's attorney was under a duty to know the rules of the court in which the case was to be heard. We do not hold otherwise. However, in this case the record demonstrates that he was lulled into a false sense of security by the manner in which the circumstances of this case arose and Rogerson is thereby estopped to move for a dismissal in the manner as was done here.

█ Here it appears that both parties failed in their duty to observe the steps to be taken to bring their claims to a speedy trial or termination, and neither should be given an advantage over the other because of this fact. Rogerson, under the facts shown, cannot gain such advantage by his present willingness to abandon his counterclaim.

█ The evidence clearly discloses that Rudd personally was diligent in his desire to have this lawsuit tried and concluded. His attorney testified that he made frequent inquiries of one of the opposing counsel as to a trial date. Certainly the attorney's behavior in the past

would indicate his desire to have the matter heard and for his client to have his day in court to settle the matter once and for all. In *Johnson v. Theatres, Inc.,* 117 Colo. 346, 187 P. (2d) 932 (1947), it was said that when the delay has not been caused by a plaintiff personally and the defendant has stood at ease throughout the time in question then there should be a trial on the merits.

No explanation appears why this case, which was at issue, was not originally set down for trial by the court under its Local Rule II, Section 2, which states in pertinent part:

"The presiding judge at each term will attend at the opening of his term, call the 'docket' for that term, and *set all matters then ready for trial,* * * * civil cases at issue *may* be cited in during a term before the judge to whom such cases are assigned, for setting for trial * * *." (Emphasis supplied.)

Keeping in mind the above reasons and that courts exist primarily to afford a forum to settle litigable matters between disputing parties, we conclude the trial court abused its discretion in dismissing the action.

The judgment is reversed and the cause remanded with directions to proceed to trial on all the issues presented by the pleadings.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.