Mr. Chief Justice Moore
delivered the opinion of the Court.
The controversy between the litigants in this action has been before this court on three previous occasions. In Rudd v. Rogerson, 133 Colo. 506, 297 P.2d 533, the trial court concluded that the action, which was brought by Rudd for rescission of a contract for the purchase of cattle, was one based on fraud and deceit. The district court dismissed the plaintiff’s claim for insufficiency of evidence to establish a claim grounded upon fraud. On review by this court it was held that the action was not one of fraud and deceit but one for breach of warranty by Rogerson that a number of Aberdeen Angus cattle purchased by Rudd from Rogerson were either registered or eligible for registration. The judgment was reversed and the cause remanded for retrial.
*105 Thereafter, plaintiff Rudd filed a motion in the trial court for a summary judgment against Rogerson, which was granted, and judgment entered in favor of Rudd for $10,885.66. On review by this court the judgment was reversed for the reason that there were unresolved genuine issues of material facts and for that reason summary judgment should not have been granted. Rogerson v. Rudd, 140 Colo. 548, 345 P.2d 1083. After this second remand for trial there was no action for approximately two years, and on motion of defendant’s counsel the action was dismissed for want of prosecution. Again on writ of error by Rudd the judgment of dismissal was reversed and the cause was remanded for trial. Rudd v. Rogerson, 152 Colo. 370, 381 P.2d 995.
The plaintiff Rudd sought rescission of the sale and introduced evidence tending to prove that the cattle which were the subject thereof were not, as warranted by Rogerson, registered or eligible for registration under the rules of the American Angus Breeders’ Association. He offered to return the cattle to Rogerson and demanded return of the moneys paid on the purchase price together with expenses incurred in caring for and feeding the cattle both prior to and after the date on which he elected to rescind. The defendant denied any alleged breach of warranty and by counterclaim sought judgment for the balance due on the purchase price which remained unpaid following the sale of the cattle conducted under a stipulation which was entered into between the parties under which the ultimate rights of the parties, as fixed by conduct prior to the stipulation, were in no way prejudiced.
A trial was had to the court without a jury and findings and judgment were entered to the effect that Rogerson had warranted the cattle as being registered or eligible for registration; that his records and methods of identification of the animals were inadequate to sustain registration as to a substantial number of the cattle; and that “the warranty was therefore breached.” *106 There is an abundance of evidence to support this finding. However, the trial court found that Rudd had no right of rescission in February, 1954, because he had already “sold three of these steers to White” along with other cattle not involved in this dispute. The court further found that there had been “material changes for the worse in the condition of the remaining cattle,” and that Rudd’s conduct “had also been ambiguous and inconsistent with the exercise of a right of rescission.”
 We have carefully examined the record and can find therein no competent evidence to support the last mentioned findings of the court. The conduct of Rudd was at all times consistent with the notice of rescission of the contract which he caused to be served on Rogerson in February 1954. There is no competent evidence that Rudd had. “disposed of three head by sale.” The proof on this point was the hearsay statement of a deceased person made to one White outside the presence of Rudd, that three animals purchased by White were from the “Rogerson herd.” Proper objections were made to the admission of this evidence. Moreover, by his own receipt at the time of the delivery of the cattle to him under the terms of the stipulation for sale of the animals, Rogerson acknowledged receipt of all the steers involved in the original contract of sale. Evidence by the witness Prendergast was wholly incompetent to prove a sale of three steers by Rudd from the Rogerson herd. Having properly found a breach of warranty on the part of Rogerson, a judgment should have been entered in favor of Rudd.
There was no waiver by Rudd of his right to rescind shown by any conduct of his, but even if such a showing had been made the question of waiver of that right was not placed in issue by the pleadings in the action. Whatever happened to any of the cattle up to the time the action was commenced was known at all times to Rogerson, and yet nowhere in the pleadings is there an affirmative defense or issue raised *107 that Rudd had waived his right to rescind the contract.
C.R.S. 1963, 121-1-69 (4) and (5) provides:
“(4) Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods. If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods, or immediately after an offer to return the goods in exchange for repayment of the price.
“(5) Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section 121-1-53.”
 The defense of waiver was not mentioned in the pre-trial order. A waiver of an asserted right must be affirmatively pleaded if it is to be used as a defense. Divine v. George, 63 Colo. 341, 166 Pac. 242; Barclay v. The London Guarantee and Accident Company, Ltd., 46 Colo. 558, 105 Pac. 865; Isabella G.M. Co. v. Glenn, 37 Colo. 165, 86 Pac. 349; Rasmussen v. Levin, 28 Colo. 448, 65 Pac. 94; Telex, Inc. v. Schaefer, 233 F.2d 259; 56 Am. Jur., Waiver, § 18. R.C.P. Colo. 8 (c) specifically provides that the defense of waiver must be specifically pleaded.
This court has held that where the seller of chattels is guilty of a breach of an implied warranty of title, and the purchaser relying on such warranty has disposed of a minor portion of the chattels involved, such purchaser may, upon learning of the defect in the title of the seller, elect to rescind the entire transaction. Koscove v. Brunger, 143 Colo. 354, 352 P.2d 961.
Our decision that judgment should be for the plaintiff forecloses any necessity for touching upon the de *108 fendant’s counterclaim for deficiency after the cattle were sold under the stipulation of the parties.
The judgment of the trial court is reversed, and the cause is remanded with directions to enter judgment for the plaintiff for the initial payment of $5,000 paid to the defendant, with interest, as prayed; for concellation of the promissory notes totalling $21,700; for the sum of $583.40 transportation charges; and for the total amount expended by Rudd for labor, feeding, and care Pf the cattle while they were in his possession.