158

## No. 27199

**The Colorado State Board of Medical Examiners, Inquiry Panel, Piero Albi, M.D., Panel Chairman v. The District Court of the Seventh Judicial District, in the County of Montrose, State of Colorado, and the Honorable Fred K. Calhoun, Judge**

(551 P.2d 194)

Decided June 14, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Gary B. Blum, Assistant, for petitioner.

Traylor, Palo, Cowan & Arnold, Charles J. Traylor, David L. McKinley, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

On March 31, 1976, the petitioner, The Colorado State Board of Medical Examiners, Inquiry Panel, (called the Board) summarily suspended the license of William O. Good, M.D. to practice medicine pending a full hearing, set for May 13, 1976. On April 1, 1976, the Board mailed copies of its order, specification of charges and other documents to Dr. Good. On April 15, 1976, Dr. Good filed a complaint in the respondent court, alleging a violation of his constitutional right to due process of law. The respondent court, on April 22, 1976, found that the Board's procedure in summarily suspending the license of Dr. Good did not meet fundamental due process. It issued an injunction against the Board, allowing Dr. Good to continue to practice medicine until after a full hearing by the Board. The court ordered the Board's hearing to be postponed until the week of June 10, 1976.

The Board filed this proceeding on April 28, 1976, and on April 30th we issued a rule to show cause, together with a stay of the respondents' injunction until further order of this court. The case is now at issue, following the filing of an answer and a reply by the parties. We deny the respondents' request for oral argument and now make the rule absolute.

Since July, 1975, the Board has had under consideration letters and information relating to the medical practice of Dr. Good. At the Board's request at separate times Dr. Good was examined by two psychiatrists, each of whom reported to the Board. In addition, the Board had before it materials submitted to it from the Grievance Committee of the Colorado Medical Society and a letter from the Montrose Memorial Hospital. At Dr. Good's request the Inquiry Panel held an informal hearing, at which Dr. Good appeared, on December 17, 1975. By its order of March 31, 1976, the Board found that Dr. Good

"suffers from a mental disability . . . of such magnitude so as to currently render him unable to perform medical services with reasonable skill and with safety to the patient to justify a hearing of the same . . . [t]hat the probability is great that [Dr. Good] is guilty of unprofessional conduct, as set forth in the Specification of Charges herein . . . [and that] the public health, safety and welfare are endangered by [Dr. Good] practicing medicine at this time."

### I.

There was sufficient evidence before the Board to justify its preliminary finding.

### II.

■■■ The respondents, acting by Dr. Good's counsel, argue vigorously that, absent statutory notice of 30 days and a hearing, the suspension of the license constitutes a violation of procedural due process.

The Colorado Administrative Code provides:

"Where the agency has reasonable grounds to believe and find . . . that the public health, safety, or welfare imperatively requires emergency action and incorporates such findings in its order, it may summarily suspend the license pending proceedings for suspension or revocation which shall be promptly instituted and determined." Section 24-4-104(4), C.R.S. 1973.

The Board relies upon this portion of the statute.

In contrast, the respondents contend that this section 104(4) is not applicable in the light of section 24-4-103, C.R.S. 1973, and of the "Medical Practice Act of 1951," section 12-36-101 *et seq.*, C.R.S. 1973. We do not accept this argument and rule that section 104(4) remains as authority for the Board's action.

### III.

■■■ Arguing that procedural due process has been violated because no adversary hearing preceded the suspension, the respondents cite *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); and *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In a quotation in the brief from *Bell v. Burson, supra*, the following cases are mentioned: *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); and *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

In contrast, we believe and rule that the authorities we should follow here are *Mathews v. Eldrige*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). *See also C.I.R. v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

*Mitchell v. W. T. Grant Co., supra*, found constitutional a deprivation of property rights where the opportunity was given for an ultimate judicial determination within a reasonably prompt time. There, in citing and quoting *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950), the court approved the same rule as to administrative hearings. *Cf. North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

Our result here is supported by the rationale of our rulings to the effect that the judiciary should not interfere with an administrative hearing until the administrative agency has reached a final conclusion. *People v. District Court*, 167 Colo. 162, 445 P.2d 887 (1968); *Board v. District Court*, 138 Colo. 227, 331 P.2d 502 (1958).

To us, the "clincher" here is the following statement in the respondents' brief:

"This is not to say that the Board could not summarily suspend a license in an actual emergency. . . .

\* \* \* \*

Such an 'emergency' does not exist in this case."

On the contrary, there is adequate support for the Board's conclusion that an emergency exists.

## IV.

The Attorney General on behalf of the Board has submitted arguments that the change of venue should have been granted and that any administrative review should be in the Colorado Court of Appeals. In view of our disposition of the matter, we do not reach these issues.

The rule is made absolute, and the Board is directed to conduct a timely hearing upon adequate notice.