566 P.2d 374 (1977)
Elaine M. TELL, Plaintiff-Appellant,
v.
Joe McELROY and Della M. McElroy, Defendants-Appellees.
No. 76-684.
Colorado Court of Appeals, Div. III.
June 16, 1977.
Victor F. Crepeau, H. William Huseby, Denver, for plaintiff-appellant.
Ronald A. White, James S. MacDonald, Aurora, for defendants-appellees.
STERNBERG, Judge.
Plaintiff, Elaine Tell, assignee of a promissory note, sued defendants, Joe and Della M. McElroy. After two continuances initiated by Tell and agreed to by the McElroys, trial was set for April 21, 1976. On that date, Tell's attorney requested and was granted a continuance based on the assertion that Tell was out of town as a result of her mother being ill. Later, the attorney discovered that, in fact, Tell was in Denver on the trial date, and he reported this to the trial court. Thereafter, the McElroys' attorney *375 moved for sanctions and was awarded costs and attorney fees of $313. Subsequently the McElroys moved to dismiss with prejudice Tell's claim for failure to prosecute pursuant to C.R.C.P. 41(b)(1). This motion was granted, Tell appeals, and we reverse.
While, generally speaking, dismissals pursuant to C.R.C.P. 41(b)(1) are a matter within the trial court's discretion, Rudd v. Rogerson, 152 Colo. 370, 381 P.2d 995, 15 A.L.R.3d 668 (1963), nevertheless, this discretion is not without limit, and where there is an abuse of same, the dismissal cannot stand. See Rudd v. Rogerson, supra. "Dismissal with prejudice is a drastic sanction to be applied only in extreme situations." Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910 (2d Cir. 1959). Especially is this true where there is no indication of prejudice to the defendant by the delay. See Richman v. General Motors Corp., 437 F.2d 196 (1st Cir. 1971). The court should first resort to lesser sanctions, as were imposed here. See, e. g., Canada v. Mathews, 449 F.2d 253 (5th Cir. 1971).
As stated in Mizar v. Jones, 157 Colo. 535, 403 P.2d 767 (1965): "[I]t is worthy of note that courts do exist primarily to afford a forum to settle litigable matters between disputing parties, . . . [and] one's day in court should not be denied except upon a serious showing of wilful default."
Here, after a hearing, the trial court found that the inaccuracy of counsel's statements to the court resulted from a "misunderstanding." And, counsel promptly informed the court of that error as soon as he became aware of it.
Under these circumstances the trial court abused its discretion in dismissing the action. The dismissal, coming after the granting of sanctions under C.R.C.P. 41(b)(1) was tantamount to twice penalizing Tell for the same act. Cf. Bardin v. Mondon, 298 F.2d 235 (2d Cir. 1961).
Judgment reversed and cause remanded with directions to reinstate the complaint.
PIERCE and BERMAN, JJ., concur.