**John M. CONNOLLY, M.D., Plaintiff,**

v.

**Thomas J. BECKETT, as an individual, and as the Program Administrator of the Colorado Board of Medical Examiners, and Matthew Norwood, as an individual and as an Assistant Attorney General for the State of Colorado, Defendants.**

Civ. A. No. 93–F–2758.

United States District Court,
D. Colorado.

March 23, 1994.

Robert M. FitzGerald, Fitzgerald Law Offices, Denver, CO, for plaintiff.

Thomas J. Lyons, Hall & Evans, L.L.C., Denver, CO, for defendants.

## ORDER REGARDING MOTION TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

This action arises out of the suspension of Plaintiff's license to practice medicine in the State of Colorado. This matter comes before the Court on Defendants' *Motion To Dismiss Complaint* filed February 7, 1994. Jurisdiction is based on 28 U.S.C. § 1331. The matter has been fully briefed by the parties, and the motion will be GRANTED.

### I.

Plaintiff was licensed to practice medicine in the State of Colorado, and annually renewed his license at least eight times prior to 1992, indicating that his medical practice did not involve patient care.[1] On May 4, 1992, Defendant Beckett sent a letter to Plaintiff informing him that the Board of Medical Examiners had initiated a complaint, and requesting his response to various specified issues that the complaint raised. The letter also requested that Plaintiff undergo an evaluation by the Colorado Physician Health Program. Plaintiff was required to respond within twenty days. On May 18, 1992, Plaintiff responded in a letter to the Board that his medical practice did not involve patient care and that he objected to the charges against him. On May 19, 1992 Plaintiff received a letter from the Board ordering him to appear for an examination by the medical director of the Colorado Physicians Health

---

1. The facts recited herein are taken from the parties' pleadings.

Plan. Plaintiff contends that no medical records of the Plaintiff had been reviewed by the Board, and that the Board knew or should have known that Plaintiff did not provide patient care. Plaintiff was in fact a medical reviewer of charts for the Social Security Administration. On June 3, 1992, Plaintiff wrote a letter to the Board in which he declared that he felt that his constitutional rights were being abridged. The Board issued an order of suspension for Plaintiff on June 12, 1992. Plaintiff requested a hearing before the Board in a letter dated July 6, 1992. A hearing was held before a panel of the Board on August 14, 1992, at which both Defendants were present. As of Plaintiff's July 6, 1993 application to renew his license, the suspension order remained in place. Plaintiff contends that he was always available for a medical exam by any doctor except one associated with the Colorado Physicians Health Plan. Plaintiff's complaint contends that the Defendants have deprived him of his constitutionally protected property and liberty rights by "causing" the suspension of his license. In his Third Claim For Relief, Plaintiff claims the Defendants abridged his privacy rights. In his Fifth Claim For Relief, Plaintiff contends his rights to substantive and procedural due process under federal and Colorado law, and his right to be free from unconstitutional search and seizure were violated by Defendants.

## II.

Under FED.R.CIV.P. 8(a)(2), a plaintiff is required to offer a short and plain statement of the claims against defendants. "This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069–70 (D.Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir.1992) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

■ A claim should not be dismissed under FED.R.CIV.P. 12(b) unless a plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Tri–*

*Crown, Inc. v. American Fed. Sav. & Loan Ass'n,* 908 F.2d 578, 582 (10th Cir.1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. All of the plaintiff's pleadings must be liberally construed. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). As long as a plaintiff offers evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. *Fostvedt v. U.S., I.R.S.,* 824 F.Supp. 978, 985 (D.Colo.1993).

## III.

Defendants' seek to dismiss Plaintiff's Complaint under FED.R.CIV.P. 12(b)(1) for "lack of jurisdiction over the subject matter" and under FED.R.CIV.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Defendants contend that they are entitled to immunity in both their official and individual capacities.

■ In their official capacity as Program Administrator and prosecuting attorney of the Colorado Board of Medical Examiners, respectively, Beckett and Norwood are immune from liability. State employees acting in their official capacities are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In addition, each count in Plaintiff's Complaint seeks damages from these Defendants in their official capacities. An official capacity claim against an individual is the same as a claim against the public entity for which the official works. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Claims for damages against state entities are, however, barred by the Eleventh Amendment to the United States Constitution. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Thus, all of Plaintiff's claims against these Defendants in their official capacities must fail.

**1382**

Defendant Norwood contends that as a prosecutor he is protected by absolute immunity in his individual capacity. Prosecutors are absolutely immune if performing what are deemed prosecutorial acts, including initiating proceedings against specified persons and presenting the case against them. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Pfeiffer v. Hartford Fire Insurance Company,* 929 F.2d 1484 (10th Cir.1991) ("It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process' ...") (quoting *Imbler,* 424 U.S. at 430–31, 96 S.Ct. at 995–96). Plaintiff alleges that Norwood's designation as a prosecuting attorney is "self-serving," in that in Plaintiff's case there was "no formal prosecution in a judicial or quasi-judicial setting." *Complaint,* ¶ 19. Plaintiff also contends that: "There was no investigation. There was no prosecution. There is no immunity." *Plaintiff's Response to Defendants' Motion To Dismiss Complaint,* at 7. Yet Plaintiff does not dispute the fact that Norwood is an Assistant Attorney General for the State of Colorado who is assigned to the Board of Medical Examiners as a disciplinary prosecutor and counsel. In that role, Norwood initiates, investigates, and prosecutes cases of disciplinary action against doctors licensed by the Board. As the court in *Pfeiffer* stated, "[i]t is also well established that this absolute prosecutorial immunity extends to state attorneys and agency officials who perform functions analogous·to those of a prosecutor in initiating and pursuing civil and *administrative enforcement proceedings." Pfeiffer,* 929 F.2d at 1489 (citing *Butz v. Economou,* 438 U.S. 478, 509, 515–17, 98 S.Ct. 2894, 2912, 2915–16, 57 L.Ed.2d 895 (1978)) (emphasis added). That Court also stated: "There is no dispute that the [Board of Medical Examiners'] duties in disciplinary proceedings are ' "functionally comparable" to that of a court of law,' ... thus rendering the individual state attorneys' prosecutorial functions in connection with these proceedings absolutely immune from section 1983 liability." *Pfeiffer,* 929 F.2d ·at 1490 n. 7 (quoting *Horwitz v. State Board of Medical Examiners of State of Colorado,* 822 F.2d 1508, 1511 (10th Cir.), *cert. denied,* 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 394 (1987)). Plaintiff's contention that Norwood's activities in his case involved not prosecutorial functions but rather investigatory ones that would not necessarily be protected by absolute immunity, *see Pfeiffer,* 929 F.2d at 1490, lacks merit. Plaintiff's Complaint refers to Norwood only as being involved in the hearing that was held on August 14, 1992. Plaintiff does not allege that Norwood instigated the complaint or investigation against him. Rather, Norwood was involved at the hearing level, and Plaintiff has not refuted that Norwood had no involvement other than as a prosecuting attorney entitled to absolute immunity. Plaintiff's efforts to distinguish *Horwitz* on its facts are unavailing.

Defendant Beckett also claims that he is entitled to absolute immunity for his actions in connection with the disciplinary proceedings against Plaintiff. Although Plaintiff argues that this Defendant "caused" the suspension of his license, it appears that Beckett's only role in the suspension of Plaintiff's license was in sending letters to Plaintiff on behalf.of the Board. Beckett signed the original letter requesting information with his name and below that, "FOR THE BOARD OF MEDICAL EXAMINERS INQUIRY PANEL A." *Exhibit 4,* attached to *Plaintiff's Response.* Plaintiff's only other allegation regarding Beckett's involvement in this proceeding is that he was present at the August 14, 1992 hearing. This Court agrees with the determination in *Kutilek v. Gannon,* 766 F.Supp. 967 (D.Kan.1991), that a director or administrator of an administrative body such as the Board of Medical Examiners acts "solely as an aide to the Board." *Id.* at 972 (holding that the executive director of the Kansas State Board of Healing Arts was entitled to absolute immunity for both his investigative functions in preparing a case for presentation to the Board and for publishing the Board's disciplinary order). The policies behind immunity are well served here. This Court agrees that "[t]here exists a strong need for Board members, *their administrative personnel* and their retained expert witnesses to perform their respective roles in the Board's

quasi-judicial function without harassment or intimidation." *Kutilek,* 766 F.Supp. at 973 (emphasis added). The Tenth Circuit Court of Appeals has previously held that members of the Colorado Board of Medical Examiners are entitled to official immunity from civil rights suits. *Horwitz v. State Board of Medical Examiners of the State of Colorado,* 822 F.2d 1508 (10th Cir.), *cert. denied,* 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 394 (1987). This immunity should be extended to the Board's Program Administrator.

■ Alternatively, the Court finds that each of these Defendants is protected by qualified immunity. A § 1983 defendant enjoys qualified immunity unless he violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "The qualified immunity doctrine recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated." *Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984). Courts apply an objective reasonableness standard in assessing an official's acts. *Harlow,* 457 U.S. at 819, 102 S.Ct. at 2739.

> Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action. But where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'
>
> *Id.* (Citation omitted.)

Once a defendant asserts qualified immunity, a plaintiff must "come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 645–46 (10th Cir.1988). A plaintiff must make more than a general allegation, as "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

The rights Plaintiff claims were violated by Defendants include his right to liberty, property and privacy. Plaintiff has not met his burden of showing how his clearly established rights were violated by Defendants. Plaintiff has failed to "demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant[s'] actions were clearly prohibited." *Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir.1990). In fact, Plaintiff has put forth no factual allegations that Defendants failed to follow the directives of the Colorado Medical Practice Act, C.R.S. §§ 12–36–101 *et seq.,* the provisions of which have already been upheld by the courts. *Horwitz,* 822 F.2d 1508 (10th Cir.1987); *Colorado State Board of Medical Examiners v. District Court,* 191 Colo. 158, 551 P.2d 194 (1976).[2] Plaintiff's complaint challenges portions of a law that has been upheld, yet he has not demonstrated how the Defendants failed to follow that clearly established law. In fact, Plaintiff's complaint is replete with conclusory allegations against each of these Defendants. The Plaintiff has not indicated how Defendants failed to comply with the provision of the Act relating to the suspension ordered here, specifically, C.R.S. § 12–36–118(9)(a).

■ As for Plaintiff's allegation that Defendants violated the Privacy Act of 1974, 5 U.S.C. § 552a such a claim does not apply to state agencies. *St. Michael's Convalescent*

---

2. Plaintiff's claims, including that he was entitled to face his "accuser," that the Board could not suspend his license without examining his medical records or if his job did not entail direct patient care, and that he deserved a "formal" complaint, do not comport with the provisions of the Medical Practice Act. Plaintiff also claims that the statutory "threshold" of C.R.S. § 12–36–118(4)(b) was not met, but he ignores that a complaint may also be initiated by the Board pursuant to § 12–36–118(4)(a).

*Hospital v. State of California,* 643 F.2d 1369, 1373 (9th Cir.1981) (Privacy Act applies only to disclosure by "agencies" as defined in the law, which excludes state agencies or bodies); *Shields v. Shetler,* 682 F.Supp. 1172 (D.Colo.1988). Accordingly, Plaintiff's claim for relief under this statute must be dismissed.

■ Plaintiff contends that "[a]t no time were the facts or conduct required by 24–4–104(3) C.R.S. (1993 Cum.Supp.) presented to the Plaintiff." *Plaintiff's Response,* at ¶ 9. However, the "provisions of the [Administrative Procedure Act] do not apply if there is a conflict between the APA provisions and a specific statutory provision relating to a specific agency." *Colorado State Board Of Medical Examiners v. Reiner,* 786 P.2d 499, 501 (Colo.App.1989). Plaintiff has failed to demonstrate that these Defendants—or the Board, failed to provide him with the notice required under the Medical Practice Act.

■ Finally, Plaintiff cannot state a claim for damages pursuant to the provisions of the Colorado Constitution. No such claims are authorized in the Colorado Governmental Immunity Act, C.R.S. § 24–10–101 *et seq.,* and Colorado law requires that causes of action for constitutional violations may only be allowed if there is a specific statutory authorization for them. *City and County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759, 766–769 (Colo.1992). Plaintiff has not alleged that the legislature indicated an intent to provide a waiver to immunity for a claim such as his.

### IV.

Accordingly, it is ORDERED that

(1) Defendants' *Motion To Dismiss Complaint* is GRANTED; and

(2) Plaintiff's Complaint is DISMISSED.