MOTOR VEHICLE DIVISION, MOTOR
VEHICLE DEALER BOARD,
Appellee,

v.

William CASTRO and Robert Swick,
d/b/a C & S Automotive Group,
Respondents–Appellants.

No. 94CA1875.

Colorado Court of Appeals,
Div. II.

Feb. 8, 1996.

Gale A. Norton, Attorney General, Stephen
K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney
General, Denver, for Appellee.

Douglas G. McKinnon, Michael G. McKinnon, Littleton, for Respondents–Appellants.

Opinion by Judge HUME.

Respondents, William Castro and Robert Swick, d/b/a C & S Automotive Group, appeal the order of the Motor Vehicle Dealer Board (Board) summarily suspending their used motor vehicle dealer license. We affirm.

On September 28, 1994, the Board summarily suspended respondents' license pursuant to § 24–4–104(4), C.R.S. (1988 Repl.Vol. 10A). At the same time, in order to fulfill the thirty-day notice requirement of § 24–4–105(2)(a), C.R.S. (1995 Cum.Supp.), the Board set a post-suspension hearing for November 30, 1994.

Respondents filed a notice of appeal in this court of the summary suspension order on September 30, 1994. That appeal was dismissed by a joint motion on October 27.

On October 11, 1994, respondents also filed a complaint in district court seeking injunctive and declaratory relief. Following a hearing the next day, the court denied the requested relief.

The Board elected to treat respondents' commencement of court proceedings as a demand for an earlier hearing pursuant to § 24–4–105(12), C.R.S. (1988 Repl.Vol. 10A), vacated the November 30 hearing date, and reset the hearing date for October 26. At the end of an evidentiary hearing on that date, the Board suspended respondents' license for five years.

As a threshold matter, the Board contends that respondents are barred from bringing this action because the earlier appeal involving the same facts and issues was dismissed with prejudice by this court. We disagree.

■ A dismissal with prejudice is a drastic sanction to be applied only in extreme situations. *Tell v. McElroy,* 39 Colo.App. 431, 566 P.2d 374 (1977).

■ *Res judicata* applies to a judgment of dismissal when there has been a final judgment on the merits. A judgment based on preliminary, subsidiary, or technical grounds is not an adjudication on the merits. *Batterman v. Wells Fargo Ag Credit Corp.,* 802 P.2d 1112 (Colo.App.1990).

■ Here, the parties stipulated to dismissal of the prior appeal in order to resolve their dispute through other avenues. Thus, there was no final judgment on the merits of the case by this court barring respondents from bringing this appeal, and we conclude that the dismissal "with prejudice" was improvidently entered.

Respondents contend that the Board erred in suspending their dealer's license, arguing that § 24–4–104(4) is unconstitutional on its face. They also argue that the statute, as applied to them, violated their due process rights as a result of the Board's failure to provide them a prompt post-suspension hearing. We disagree.

■ When the state demonstrates the necessity for immediate action to protect legitimate interests of its own, an adequate post-deprivation hearing satisfies due process standards. *Watso v. Department of Social Services,* 841 P.2d 299 (Colo.1992).

Our supreme court has previously determined that the summary suspension provisions of § 24–4–104(4) do not violate federal or state due process rights. *State Board of Medical Examiners v. District Court,* 191 Colo. 158, 551 P.2d 194 (1976); *Horwitz v. State Board of Medical Examiners,* 716 P.2d 131 (Colo.App.1985)(actions taken pursuant to § 24–4–104(4) presumed valid and constitutional); *see also Barry v. Barchi,* 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979)(summary suspension pending prompt hearing on the issues constitutional).

■ The essence of procedural due process is fundamental fairness. This includes adequate advance notice and an opportunity to be heard prior to state action that permanently deprives an individual of a significant property interest. *Mountain States Telephone & Telegraph Co. v. Department of Labor,* 184 Colo. 334, 520 P.2d 586 (1974).

■ A party may not complain on appeal of an error that he or she has invited or injected into the case but must abide the consequences of his or her actions. *People v. Zapata,* 779 P.2d 1307 (Colo.1989).

■ Here, the Board, in order to comply with the requirements of § 24–4–105(2)(a), set a date for the post-suspension hearing

sixty-two days after it gave notice of the summary suspension. Although respondents' attorney inquired as to the availability of an earlier hearing date, no demand was made upon the Board for such hearing as is permitted by § 24–4–105(12). Having thus failed to avail themselves of the opportunity to demand an immediate hearing, respondents may not now complain of an error caused by their own actions. Thus, we conclude that, under the circumstances here, respondents' constitutional rights to due process were not violated.

Respondents contend that the term "promptly" as used in § 24–4–104(4) is so vague as to render the statute unconstitutional. We find no merit in this contention.

The New York statute that was determined unconstitutional in *Barry v. Barchi, supra,* only required the licensing agency to give prompt notice of hearing. It did not require a prompt hearing or determination of the merits of the suspension. Section 24–4–104(4), however, allows an emergency summary suspension of a license "pending proceedings for suspension or revocation which *shall be promptly instituted and determined.*" (emphasis added) In addition, § 24–4–105(12) provides with particularity that a person whose license is summarily suspended is entitled to request, and presumably to be granted, an immediate hearing following such a suspension.

Given these circumstances, the Colorado statutory scheme makes adequate provision for "prompt" hearing and determination of emergency summary license suspensions to meet due process requirements under the *Barry v. Barchi, supra,* test. Any vagueness in the term "promptly" is adequately cured by a licensee's statutory right to request and obtain an "immediate" hearing following an emergency suspension.

The order is affirmed.

CRISWELL and SMITH*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).