596 P.2d 398 (1979)
Joseph FARBER, d/b/a Joseph Farber and Associates, Plaintiff-Appellant,
v.
GREEN SHOE MFG. COMPANY, a foreign corporation, Defendant-Appellee.
No. 78-971.
Colorado Court of Appeals, Division III.
March 8, 1979.
Rehearing Denied April 5, 1979.
Certiorari Denied June 11, 1979.
*399 Berenbaum & Weinberger, Peter R. Bornstein, Denver, for plaintiff-appellant.
Grant, McHendrie, Haines & Crouse, P. C., Susan B. Price, John G. Salmon, Denver, for defendant-appellee.
STERNBERG, Judge.
The issue in this appeal is whether the trial court erred in granting defendant Green Shoe Manufacturing Company's motion to dismiss based on plaintiff Farber's failure to prosecute. We conclude that, under the circumstances present here, the action should not have been dismissed and therefore reverse.
Farber brought an unlawful detainer action in 1972 seeking possession of property rented by S & L Bootery. The suit also sought money damages against defendant Green Shoe which allegedly had guaranteed the lease. Judgment was entered for possession of the premises in August 1972, and the court ordered the damage claim to proceed as a normal civil action. However, Farber took no further action until April 10, 1978, when his counsel filed a notice to set for trial, following which trial was scheduled for June 9, 1978. Several days prior to that trial date, Green Shoe filed a motion to dismiss for Farber's failure to prosecute the action. The motion was heard on the date that had been set for trial and it was granted.
The power to dismiss an action for failure to prosecute is governed by C.R.C.P. 41(b)(1) and rests in the sound discretion of the trial court. Rudd v. Rogerson, 152 Colo. 370, 381 P.2d 995 (1963); Cervi v. Town of Greenwood Village, 147 Colo. 190, 362 P.2d 1050 (1961). That discretion is not without bounds, however, and it must be borne in mind that courts "exist primarily to afford a forum to settle litigable matters between disputing parties." Mizar v. Jones, 157 Colo. 535, 403 P.2d 767 (1965).
Here the motion to dismiss was made after the plaintiff had resumed his efforts to prosecute, had set the case for trial, and indeed, was ready for trial on the very day the motion was heard. Under the circumstances, the policy underlying the dismissal rule to prevent unreasonable delays is less compelling than the policy favoring resolution of disputes on the merits. Denham v. Superior Court, 2 Cal.3d 557, 86 Cal.Rptr. 65, 468 P.2d 193 (1970). Consequently, we hold that the court erred in dismissing the action.
*400 We adopt the rule stated in State v. McClaine, 261 Ind. 60, 300 N.E.2d 342 (1973):
"A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence."
Ample support for this position exists in other jurisdictions. See First National Bank v. Taylor, 488 P.2d 1026 (Alaska 1971); Ayers v. D. F. Quillen & Sons, Inc., 5 Storey 481, 55 Del. 481, 188 A.2d 510 (1963). See also 2B W. Barron & A. Holtzoff, Federal Practice & Procedure § 918 (C. Wright rev. 1961); and 9 C. Wright & A. Miller, Federal Practice & Procedure § 2370, and cases cited therein.
The judgment is reversed and the cause is remanded for trial.
SMITH and RULAND, JJ., concur.