**GROUP 1 SERVICES, LTD., a California corporation and BLC Services, Inc., a California corporation, Plaintiffs-Appellants,**

v.

**Jack MICHILLETI, Jack Felix and J & B Films, a Colorado partnership, Defendants-Appellees.**

No. 81CA0917.

Colorado Court of Appeals, Div. III.

April 8, 1982.

Rehearing Denied April 29, 1982.

Certiorari Denied Aug. 16, 1982.

Keene, Munsinger & Stuckey, Richard N. Stuckey, Denver, for plaintiffs-appellants.

Eugene F. Costello, P.C., Eugene F. Costello, Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiffs appeal the dismissal of their action against defendants. We reverse.

Following opening statement by plaintiffs at trial, the trial court refused to allow witnesses to be called because of non-compliance with Denver District Court Rules 12 and 14. Specifically, the trial court focused on the failure of plaintiffs to comply with the requirement of local rule 14 that a trial data certificate contain not only a list of names and addresses of witnesses expected to be called, but also that "a brief summary of the nature of the witnesses' testimony" be provided. Plaintiffs called a corporate officer listed by name and address on their trial data certificate to testify on their behalf to prove their case against the individual defendants, but the court refused to allow the testimony. Thus, plaintiffs were unable to prove their case against the individual defendants and their suit was dismissed.

In refusing to allow the testimony of the corporate officer of plaintiffs, the court noted the language in local rule 14(c) that "a non-complying party shall not be precluded from testifying on *his or her* own behalf," (emphasis supplied) but held that this language applied only to individual litigants, and not to corporate litigants such as plaintiffs because the pronoun "its" was not used.

■ We disagree with this narrow interpretation. While trial courts must be given broad discretion in enforcing rules so that litigation can proceed efficiently, *Rudd v. Rogerson,* 152 Colo. 370, 381 P.2d 995 (1963); nevertheless, that discretion is not without limits. In dealing with questions of strict enforcement of rules of this type, we must remember that courts "exist primarily to afford a forum to settle litigable matters between disputing parties," *Mizar v. Jones,* 157 Colo. 535, 403 P.2d 767 (1965), and that "unless enforcement of procedural requirements is essential to shield substantive rights, litigation should be determined on the merits and not on the basis of technical rules." *People v. Dickinson,* 197 Colo. 338, 592 P.2d 807 (1979). Here, the policy favoring strict compliance with local rules of court, "is less compelling than the policy favoring resolution of disputes on the merits." *Farber v. Green Shoe Mfg. Co.,* 42 Colo.App. 255, 596 P.2d 398 (1979).

■ Moreover, under the rule at issue, an individual litigant could have testified on "his or her" behalf. Similarly, the rule must be read to allow a corporate officer to testify on behalf of the corporation. Indeed, to hold otherwise approaches a deprivation of the corporation's Fourteenth Amendment rights. *See First National Bank v. Bellotti,* 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed. 707 (1978).

The judgment dismissing the action is reversed and the cause is remanded for further proceedings.

KIRSHBAUM and TURSI, JJ., concur.