AAA CRANE SERVICE, INC., a
Colorado corporation,
Plaintiff-Appellee,

v.

OMNIBANK UNIVERSITY HILLS,
N.A., Defendant-Appellant.

No. 84CA0795.

Colorado Court of Appeals,
Div. I.

June 19, 1986.

William Litvak, Denver, for plaintiff-appellee.

Berenbaum and Weinshienk, Peter Bornstein, Denver, for defendant-appellant.

PIERCE, Judge.

In this mechanic's lien foreclosure action, defendant Omnibank University Hills, N.A. (the Bank) appeals from a judgment in favor of plaintiff, AAA Crane Service, Inc. (AAA). We reverse.

The critical issue on appeal is whether the trial court properly prohibited the Bank from presenting any witnesses or any exhibits at trial because of the Bank's untimely filing of its trial data certificate.

The record discloses the following pertinent events. AAA filed a mechanic's lien in March 1983. The complaint was filed in June 1983 and the answer was filed in July 1983. Pursuant to a hearing in August 1983, the trial was set for April 2, 1984. AAA filed its trial data certificate March 19, 1984. The Bank filed its trial data certificate March 30, 1984, and on that same day, the trial court, on its own motion, ordered the Bank's trial data certificate stricken.

The trial court later stated that it had drafted an order sanctioning both parties on the morning of the 30th. Thus, upon receiving the Bank's trial data certificate later in the day, the court ordered it stricken. However, the sanctions order was not prepared or mailed immediately. As a result, counsel did not receive the order until Monday, April 2, the day of trial.

The sanctions which were imposed by the trial court, on its own motion, were as follows:

"Plaintiff, having filed its trial data certificate thirteen days prior to trial may call only one witness and may utilize only such exhibits as may be properly admitted through that witness. Defendant ... having failed to file a trial data certificate may call no witnesses and present no exhibits."

On the date of trial, both parties stated that they were prepared to proceed, with one witness per side. However, the trial court declined to reconsider its sanctions on the Bank. The court then proceeded to hear AAA's witness and considered only AAA's exhibits.

I.

We agree with the Bank that the trial court's actions violated the Bank's rights to notice and opportunity to be heard, and that the sanction exceeded the purpose and intent of C.R.C.P. 121 § 1–18.

C.R.C.P. 121 § 1–18 requires the filing of a trial data certificate 45 days before the trial date. C.R.C.P. 121 § 1–18(1)(d) states that compliance with the rule is mandatory, and it allows the court to impose "any *appropriate* sanction" in the event of non-compliance.

Trial courts are generally given broad discretion in determining the sanctions to be imposed for non-compliance with the rules. *KN Energy, Inc v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985); *see Richardson v. McFee*, 687 P.2d 517 (Colo.App.1984). However, that discretion is not without limits. *Group 1 Services, Ltd. v. Michilleti*, 650 P.2d 1305 (Colo.App. 1982). Furthermore, courts "exist primarily to afford a forum to settle litigable matters between disputing parties." *See Mizar v. Jones*, 157 Colo. 535, 403 P.2d 767 (1965). Unless enforcement of a procedural requirement is essential to shield substantive rights, litigation should be determined on the merits, and not on the basis of technical rules. *Group 1 Services, Ltd., supra.*

The unilateral proceeding that was conducted by the trial court here contradicts

the fundamental principle that a court of justice may condemn only after an adequate hearing.

"To say that courts have inherent power to deny all right to defend an action and to render decrees without any hearing whatever is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence, to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends." *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897).

■ While some rules are jurisdictional in nature and breach of them can result in prohibiting further prosecution of a law suit, *see, e.g.*, C.A.R. 3, C.R.C.P. 121 is not such a rule and should not automatically be used to deny a party its day in court. By its zealous enforcement of C.R.C.P. 121 § 1–18, the trial court, without adequate justification, denied defendant its right to defend against plaintiff's claim.

■ We can sympathize with the trial court's rationale that, without trial data certificates, courts cannot prepare for trials, nor determine how long trials will take, and a court is thus prejudiced in properly preparing itself to address the issues of a case. However, the adverse effect on the court is only one consideration in levying sanctions. *See KN Energy, Inc., supra.* The court should also consider the objection, if any, of the opposing party; the extent of prejudice, if any, to the opposing party; whether the prejudice could be cured; the importance of the contents of trial data certificates to the opposing party; and whether the non-complying party had a valid excuse for its failure timely to file its certificate. *See KN Energy, Inc., supra.*

■ The record reflects that approximately 45 days before trial, when the parties should have filed their trial data certificates under C.R.C.P. 121 § 1–18, they were investigating the possibilities of settlement, which efforts were not successful. Accordingly, both parties were late in their pre-trial preparations and in fulfilling their obligations.

Neither party objected to the lateness of the other's trial data certificate. Although AAA stated on April 2 that it was ready to proceed even under the court's sanctions, it made no argument or presentation alleging prejudice.

Also, their trial data certificates indicate that AAA intended to present three witnesses, eight exhibits, and no experts, and that the Bank intended to present two witnesses, four exhibits, and no experts. While we recognize the validity of the court's view regarding the important aid which trial data certificates provide to the court in planning its docket and addressing the issues before it, this case is not so complex that the absence of the certificates would visit a significant hardship upon the court.

We conclude that, under the circumstances presented, the policy favoring strict compliance with the Rules of Civil Procedure "is less compelling than the policy favoring resolution of disputes on the merits." *Farber v. Green Shoe Mfg. Co.*, 42 Colo.App. 255, 596 P.2d 398 (1979). Consequently, the trial court here erred in imposing such a disabling penalty on the Bank.

## II.

Because the Bank's remaining issue may arise upon retrial, we address it here.

■ The Bank argues that AAA failed to prove proper perfection of its mechanic's lien because it failed to establish that its lien statement, lis pendens, and affidavits had been properly recorded with the county clerk. It cites to § 30–10–413, C.R.S.; CRE 901(b)(7); and CRE 902. These authorities raise a question of authenticity, as such it must be objected to at least 10 days prior to trial, or be deemed admitted. C.R.C.P. 121 § 1–18(1)(b). The Bank failed to object timely, and therefore, pursuant to the statute, the authenticity of AAA's mechanic's lien must be deemed admitted.

■ The implication of the Bank's argument is that AAA failed to meet its burden of proof regarding recordation of the lien.

This argument lacks merit. The documents entitled "Statement of Lien With Notice of Intent to File A Lien Statement and Affidavits of Service" and "Notice of Lis Pendens" both bear the stamp of the Denver County Clerk, identifying the date and time of filing of both documents. Therefore, AAA has already presented a prima facie case of proper recordation. If the Bank has proof that there was, nevertheless, improper recordation, it may rebut AAA's prima facie presentation with its own evidence at the new trial.

The judgment is reversed and the cause is remanded for a new trial prior to which new trial data certificates shall be permitted.

STERNBERG and METZGER, JJ., concur.