Thomas C. SCRIMA, Hermann J. Spielkamp, James E. Spittler, Jr., Jack Durliat, and Centers America, Ltd., a Colorado corporation, Plaintiffs-Appellees,

v.

Jerome GOODLEY and Terrance Fitzpatrick, both Individually and d/b/a the Lotus Eater Boutique, Defendants-Appellants,

and

Frederick D. Mientka, Defendant.

No. 85CA0223.

Colorado Court of Appeals, Div. I.

Oct. 30, 1986.

Rehearing Denied Nov. 26, 1986.

Holland and Hart, Gregory R. Piche, Arthur W. Porter, Denver, for plaintiffs-appellees.

Johnson and Stevenson, Richard M. Stevenson, Robert W. Johnson, Colorado Springs, for defendants-appellants.

Cleveland, Wengler & Robbins, P.C., Edward D. Cleveland, Colorado Springs, for defendant.

PIERCE, Judge.

Jerome Goodley and Terrance Fitzpatrick (defendants), appeal the trial court judgment entered after the court imposed a sanction for their failure to appear for scheduled depositions. We affirm.

Defendants and Frederick Mientka entered into a lease agreement which contained a specific renewal provision. The lease was eventually assigned to plaintiffs. Plaintiffs filed a declaratory judgment action under C.R.C.P. 57, seeking an interpretation of the renewal provision.

In April 1984, a date to take depositions was scheduled for late May. Two days prior to the scheduled date, plaintiffs were informed by defendants' counsel that defendants refused to attend the deposition. No excuse was given, and defendants did not appear at the time and place set for the deposition.

Pursuant to C.R.C.P. 37, plaintiffs filed a motion for sanctions. The trial court granted the motion and, as a sanction, refused to allow defendants to oppose plaintiffs' interpretation of the renewal provision. No appeal was perfected against Mientka although he appeared on appeal.

### I.

■ Defendants first contend that the trial court abused its discretion by imposing such a harsh sanction. We disagree.

■ C.R.C.P. 37(d)(1) authorizes the imposition of various sanctions. Among the permissible sanctions is: "An order refusing to allow the disobedient party to support or oppose designated claims or defenses...." See C.R.C.P. 37(b)(2)(B). Additionally, a trial court is given flexibility when imposing sanctions for failure to comply with discovery requirements. See Pe-

trini v. Sidwell, 38 Colo.App. 454, 558 P.2d 447 (1976).

Defendants were properly served and had more than one month's notice. The record shows that they were warned of the possible consequences, and, in spite of their counsel's advice, they elected not to attend. Moreover, the record supports the trial court's conclusion that defendants' failure to attend was willful and in bad faith. Under these circumstances, we find no abuse of discretion in the sanction imposed.

Defendants contend that this court is precluded from sustaining this sanction because of our holding in AAA Crane Service, Inc. v. Omnibank University Hills, N.A., 723 P.2d 156 (Colo.App.1986). We disagree.

In that case, instead of filing its trial data certificate 45 days before trial, as required by C.R.C.P. 121 § 1–18, defendant filed the certificate three days prior to trial. As a sanction for untimely filing, the trial court ordered the certificate stricken and would not allow the defendant to call any witnesses or present any exhibits. Although the plaintiff had also made an untimely filing of its trial data certificate, the trial court allowed plaintiff to call one witness and admit some exhibits. In reversing the sanction, the Omnibank panel held that: "The trial court, without adequate justification, denied defendant its right to defend against plaintiff's claim." (emphasis added) In that case, both parties were late in their pre-trial preparation because they were investigating the possibilities of settlement. The inequity was obvious. We also noted that among the factors to consider in levying sanctions is whether the non-complying party had a valid excuse.

Here, the defendants have offered no valid excuse for their failure to appear; in fact, the record shows that their reluctance was the result of deliberate bad faith. Such behavior on the part of the defendants warrants the imposition of a penalty of the magnitude of the one imposed here.

Furthermore, under the circumstances at issue in Omnibank, C.R.C.P. 121 § 1–18 provided only for the imposition of "any

appropriate sanction." Thus, we held that the sanction imposed was not appropriate under those circumstances. In contrast here, the appropriateness of the sanction is specified by C.R.C.P. 37(d) and 37(b)(2)(B), for those situations in which, as here, the violating party's willful misconduct has been established.

## II.

Defendants next contend that, even if the sanction imposed by the trial court was proper, the court nevertheless erred in adopting plaintiffs' interpretation of the renewal provision because that interpretation rendered the provision illusory. We disagree.

The original provision stated that:

"The term of this lease shall commence on the first day of November, 1980, and shall continue for a period of sixty-four months, expiring on the 28th day of February 1986, with an option to renew for a subsequent five (5) year term at the then annual rental as of the time of the exercise of the option by the TENANTS. Intent to exercise said option must be set forth in writing forty five days before the end of the term and delivered to LANDLORD. The agreed upon price and terms must be mutually agreed to in writing by the conclusion of the term."

The trial court found that the last sentence of the provision rendered it ambiguous.

Whether an ambiguity exists in a contract is a question of law. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984). We agree with the trial court that the original provision is ambiguous as to whether the renewal provision is an option which can be exercised without the need for further negotiations.

Once it has been determined that an ambiguity exists, the meaning of the contract's terms becomes a question of fact as evidenced by the intent of the parties. *Union Rural Electric Ass'n. v. Public Utilities Commission*, 661 P.2d 247 (Colo.1983).

The plaintiffs interpretation of the clause is that:

"The term of the Lease shall commence on the first day of November 1980, and shall continue for a period of sixty-four months, expiring on the 28th day of February 1986, and the Tenants shall have an option to renew this Lease for a subsequent five (5) year term, which option is contingent upon the Tenants and the Landlord each acting in their complete discretion, reaching complete agreement prior to the end of the original Lease term, as to the monthly rental rate, any escalation factor to be applied to the monthly rental, other financial obligations of the Tenants and all other terms and conditions of the Lease to apply during the subsequent five (5) year term. If such complete agreement cannot be reached, the option shall be null and void and of no legal effect. Intent to exercise such option must be set forth in writing at least forty-five (45) days before the end of the original term of the Lease and delivered to Landlord."

Plaintiffs' interpretation, adopted by the court, expresses the intent of the parties as supported by the record, and gives effect to the balance of the contract read as a whole. *See In re Application for Water Rights of Estes Park v. Northern Colorado Water Conservancy District*, 677 P.2d 320 (Colo.1984). Accordingly, the sanction imposed by the trial court did not result in the adoption of an illusory provision.

The judgment is affirmed.

METZGER, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge concurring in part and dissenting in part.

Although I concur with the majority in Part I of the opinion, holding that the trial court did not abuse its discretion in its sanction imposed pursuant to C.R.C.P. 35(d)(1), I do agree with the defendant that the trial court's interpretation of the renewal provision rendered it illusory and, therefore, is in error.

The interpretation adopted by the trial court, as quoted by the majority, specifies that any renewal of the option

"is contingent upon the Tenants and the Landlord *each acting in their complete discretion,* reaching *complete agreement* prior to the end of the original Lease term ..." (emphasis supplied)

In my view, according the parties total discretion in this manner negates the validity of this interpretation.

For purposes of this dissent, I accept the majority's conclusion that the original provision as set out in full in its opinion is ambiguous. Nevertheless, it is the duty of the trial court in interpreting the document to apply accepted rules of contract construction. In interpreting the contract provision, the trial court ignored its duty to interpret the provision if at all possible in a manner to make the provision operative, effective, and reasonable. *See* 4 S. Williston, *Contracts* § 620 (W. Jaeger 3d ed. 1961). Further, the trial court ignored the duty of the parties to act in good faith. Therefore, rather than vest the parties with complete unbridled discretion concerning negotiations on the renewal option, the court should have construed the contract to require the parties to act in good faith and with fair dealing. *See* Restatement (Second) of Contracts § 205 (1979).

Accordingly, I would reverse the finding of the trial court in its interpretation of the provision because that interpretation fails to make the provision operative. I would remand the matter to the trial court with directions to reconstrue the provision requiring good faith negotiation and fair dealing in negotiating any renewal of the lease.