**Andrei NAGY and Maria Nagy, Petitioners,**

v.

**The DISTRICT COURT OF the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable John Brooks, Jr., one of the Judges thereof, Respondents.**

**No. 88SA49.**

Supreme Court of Colorado,
En Banc.

Oct. 11, 1988.

Donald S. Molen, Denver, for petitioners.

Edward M. Bendelow, Bendelow, Dethman & Muse, Denver, for respondents.

MULLARKEY, Justice.

In this action for payment on a promissory note and other relief, the plaintiffs and the defendant each failed to file a trial data certificate as required by C.R.C.P. 121, section 1–18. The trial court sanctioned the plaintiffs by refusing to allow them to testify, a sanction which the court acknowledged would result in dismissal of the case. Pursuant to C.A.R. 21, the plaintiffs requested this court to issue a rule to show cause why the sanction should not be vacated. We issued a rule to show cause and now make the rule absolute.

## I.

In June of 1986, the plaintiffs Andrei and Maria Nagy (Nagys) filed their complaint for payment on a promissory note of $10,-420.00 and for salaries due of $120,000.00. The defendant Klaus Peter Landau (Landau) filed his answer July 2, 1986. On January 20, 1987, the parties were informed, almost a year in advance, that their case was set for trial on December 14 and 15, 1987. Forty-five days before trial, neither party filed a trial data certificate with the court as required by C.R.C.P. 121, section 1–18.

Six days before the trial date, on December 8, 1987, Landau moved to dismiss the case due to the Nagys' failure to file a trial data certificate, even though Landau himself had not filed his trial data certificate.

Judge McMullen denied the motion in a written order stating, "[d]efendant has not demonstrated that dismissal of the action is the appropriate sanction for plaintiffs' failure to file a trial data certificate. The court will consider sanctions for noncompliance with Rule 121, section 1–18 as a pretrial matter."

Subsequently the trial date was vacated, and the case was transferred to Judge Brooks, with a trial date of January 22, 1988. In the interim before the trial, neither the Nagys nor Landau filed a trial data certificate or requested an extension of time in which to file one. On the day of trial, when the Nagys attempted to file their trial data certificate with Judge Brooks, Landau objected and again requested the imposition of sanctions. Judge Brooks interpreted Judge McMullen's order as requiring the imposition of sanctions and sanctioned the Nagys by precluding their testimony, noting that the sanction amounted to a dismissal of the Nagys' case.

## II.

■ C.R.C.P. 121, section 1–18, 1(a) requires the filing of a trial data certificate no later than forty-five days before the trial date. Compliance with the rule is mandatory and, in the event of noncompliance, the court may impose "any appropriate sanction." C.R.C.P. 121, § 1–18, 1(d). The rule contains no specific guidelines regarding the imposition of appropriate sanctions, but C.R.C.P. 37(b)(2) provides a spectrum of sanctions which may be applied to a party's failure to comply with Rule 121.

■ Whether to impose sanctions and the nature of the sanctions to be imposed are matters for the sound exercise of the trial court's discretion, and the courts are given flexibility in choosing the appropriate sanction. *KN Energy, Inc. v. Great W. Sugar Co.*, 698 P.2d 769, 787 (Colo.1985), *cert. denied*, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985); *Scrima v. Goodley*, 731 P.2d 766, 767 (Colo.Ct.App.1986); *Muck v. Stubblefield*, 682 P.2d 1237, 1240 (Colo. Ct.App.1984). A trial court's decision to impose a sanction will not be overturned

unless such decision was an abuse of discretion, or "manifestly arbitrary, unreasonable, or unfair." *People v. Milton*, 732 P.2d 1199, 1207 (Colo.1987).

■ In the absence of willfulness, bad faith, or gross negligence on the part of a disobedient party, and in the absence of any prejudice to the other parties, a trial judge is not required to impose sanctions for a party's failure to comply with Rule 121. In *Milton*, we held there was no abuse of discretion when the trial court refused to impose any sanctions because there was no showing of prejudice caused by the party's failure to file a trial data certificate. The language of C.R.C.P. 121, section 1–18(1)(d) is permissive and does not mandate the imposition of sanctions. *Milton*, 732 P.2d at 1207.

■ Relevant factors in a trial judge's initial determination of whether to impose sanctions for a party's failure to file a trial data certificate include: any objections by the opposing party to the absence of a trial data certificate; the extent of prejudice, if any, to the opposing party; whether the prejudice could be cured; the importance of the contents of the trial data certificate to the opposing party; whether the non-complying party had a valid excuse for its failure timely to file its certificate; any bad faith on the part of the non-complying party; and whether nondisclosure would adversely affect the trial process or inconvenience the court. *See, e.g., KN Energy, Inc.*, 698 P.2d at 787; *AAA Crane Service, Inc. v. Omnibank Univ. Hills*, 723 P.2d 156, 158 (Colo.Ct.App.1986).

■ If sanctions are warranted in a case, the trial judge must craft an appropriate sanction by considering the complete range of sanctions and weighing the sanction in light of the full record in the case. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Cine Forty–Second St. Theatre Corp. v. Allied Artists Picture Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979). The trial judge should exercise informed discretion in imposing a sanction which is commensurate with the seriousness of the disobedient par-

ty's conduct. *Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672, 677 (Colo.1987). One of the mildest sanctions is an order directing reimbursement of the opposing party for expenses caused by the disobedient party's failure to cooperate. More stringent sanctions include striking parts of pleadings; prohibiting the introduction of evidence on particular points or testimony by certain witnesses; deeming disputed issues determined adversely to the non-complying party; and citing the non-complying party or attorney for contempt. The harshest of all sanctions is dismissal or entry of a default judgment, which should be imposed only in extreme circumstances. *Braxton v. Luff*, 38 Colo.App. 451, 558 P.2d 444 (1976).

■ The guidelines for the imposition of a litigation-ending sanction such as a default judgment under C.R.C.P. 37(d) were articulated by this court in *Kwik Way Stores*. To impose the sanction of a default judgment against a party for failure to comply with a discovery rule or order, the trial court must make a specific finding of one of three factors on the part of the disobedient party. The factors are: (1) willfulness or deliberate disobedience of discovery rules; (2) bad faith conduct which is a flagrant disregard or dereliction of one's discovery obligations; or (3) culpable conduct which is more than mere inadvertence or simple negligence but is gross negligence. The *Kwik Way* guidelines apply equally to determining whether the sanction of dismissal under C.R.C.P. 37(b)(2) should be imposed for failure to file a trial data certificate.

The court of appeals considered the issue of appropriate sanctions for failure timely to file a trial data certificate in *AAA Crane Service, Inc. v. Omnibank Univ. Hills*, 723 P.2d 156 (Colo.Ct.App.1986). In that case, the defendant filed its trial data certificate three days before trial instead of 45 days as required by C.R.C.P. 121, section 1–18. As a sanction for the untimely filing the trial judge ordered the certificate stricken and would not allow the defendant to present any witnesses or exhibits. Although the plaintiff also had failed timely

to file a trial data certificate, the court allowed the plaintiff to call one witness and admit some exhibits. The court of appeals reversed, ruling that the trial court's actions "violated the [defendant's] rights to notice and opportunity to be heard, and that the sanction exceeded the purpose and intent of C.R.C.P. 121 § 1–18." *AAA Crane Service,* 723 P.2d at 157. *See also Maxwell v. W.K.A. Inc.,* 728 P.2d 321 (Colo. Ct.App.1986) (holding that the trial court abused its discretion in dismissing the case on the grounds of the parties' failure to file trial data certificates).

### III.

We now apply the principles discussed in Part II to the case before us. First, we note that the record is unclear whether the trial court made the threshold determination that a sanction should be imposed. A fair reading of Judge McMullen's order suggests that he reserved that issue for determination at the time of trial. The second trial judge expressly did not determine whether sanctions should be imposed because he interpreted Judge McMullen's order as having decided that issue. On remand, that issue must be determined.

■ Assuming however that some sanction was appropriate, it was a clear abuse of discretion for the trial court to impose a sanction equivalent to dismissal. In reaching that conclusion, we agree with the analysis of the court of appeals in *AAA Crane Service.* In the instant case, the trial court was too restrictive in its assessment of what sanctions were available under the circumstances and chose a sanction which was inappropriate in two ways. First, the sanction imposed of precluding the Nagys' testimony was disproportionately harsh in relation to the culpability of the Nagys' conduct. In light of the circumstances of this case, nothing in the record indicates that failure to file a trial data certificate resulted in any prejudice to either party.[1] Second, the choice of sanctions in this case served improperly to confer a benefit on Landau who was equally negligent in failing to file a trial data certificate. Landau should not have been allowed to use Rule 121 as a defensive weapon. A balancing of the equities necessitates that the equally culpable party not be rewarded for his behavior with the dismissal of the case against him.

The conduct of the parties involved in this dispute was less than exemplary, and we do not condone such disregard for pretrial rules. However, the record does not indicate any prejudice to the parties or any willfullness, bad faith, or gross negligence that would justify the imposition of the drastic sanction of dismissal. In situations such as this, we agree with the reasoning of the court in *Cine Forty–Second St. Theatre Corp.,* 602 F.2d at 1068: "Considerations of fair play may dictate that courts eschew the harshest sanctions provided by Rule 37 where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence. But where gross professional negligence has been found ... the full range of sanctions may be marshalled." (Citations omitted.)

■ A trial data certificate serves an important function in aiding docket control, standardizing local pre-trial procedure, and requiring the parties to focus their issues. C.R.C.P. 121, section 1–18 was intended to expedite the litigation process and, in the absence of the factors discussed above, it should not be used to prevent a litigant from trying his or her case. "[U]nless enforcement of procedural requirements is essential to shield substantive rights, litigation should be determined on the merits and not on the basis of technical rules." *Group 1 Services, Ltd., v. Michilleti,* 650 P.2d 1305, 1306 (Colo.Ct.App.1982) (quoting *People v. Dickinson,* 197 Colo. 338, 592 P.2d 807 (1979)). C.R.C.P. 121 is not a

---

1. The parties knew in advance the issues to be tried, the subject matter of the lawsuit was a business venture in which all three were involved, and the only testimony expected was by the parties. Nothing in the record suggests that either party was attempting a "trial by ambush" by a deliberate failure to file a trial data certificate as defendant Landau alleged in the trial court.

jurisdictional rule and should not be applied in a manner which unreasonably denies a party its day in court. *AAA Crane Service,* 723 P.2d at 158.

For these reasons, we make the rule to show cause absolute. The order of sanctions imposed by the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.