Alton **WEISS**, Complainant–Appellee,

and

the State Personnel Board, Appellee,

v.

**DEPARTMENT OF PUBLIC SAFETY, COLORADO STATE PATROL,** Respondent–Appellant.

No. 91CA1090.

Colorado Court of Appeals, Div. II.

Sept. 24, 1992.

No appearance for complainant-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Susan L. Beck–Ferkiss, Asst. Atty. Gen., Denver, for appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Stacy L. Worthington, Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge REED.

Respondent, Department of Public Safety, Colorado State Patrol (CSP), appeals from a final order of the State Personnel Board rescinding the disciplinary action imposed upon complainant, Alton Weiss. We vacate the order and remand.

In August 1990, an investigation was commenced by the CSP into allegations of misconduct on the part of Weiss in connection with his performance of duties as a State Trooper at the scene of a vehicular accident. Violations cited were Weiss' failure to administer emergency medical aid at the scene, as well as conduct deemed contrary to good order and efficiency. The investigation by his supervisor concluded with the recommendation that Weiss be disciplined for having failed to take charge of the scene pursuant to CSP policy.

As discipline, the CSP suspended Weiss for three days without pay by reducing his salary over a three-month period. Weiss appealed this discipline to the State Personnel Board.

On November 23, 1990, the Board's hearing officer, assigned to the case, issued a scheduling order which outlined the procedures governing the case and set forth the information required to be disclosed by the parties. Among those procedures was the requirement that each party file with the Board and serve on the opposing party a "Pre-hearing Statement" by December 11, 1990.

When the filing of the pre-hearing statement fell due, CSP's counsel was ill and absent from work under a physician's care. As a result, the deadline passed without CSP filing the statement.

In response to the non-filing, the hearing officer, *sua sponte*, entered an order on December 21, 1990, directing the CSP to show cause in writing within 15 days why sanctions should not be imposed under C.R.C.P. 16(h) for its inaction. It also directed that a pre-hearing statement be filed within that time.

No pre-hearing statement was filed, however, or any response to the order to show cause. As a result, the hearing officer issued her order which made the rule absolute and summarily rescinded the disciplinary action previously imposed.

Following this order, the CSP filed its motion to reconsider in which it stated that its counsel had been ill and was away from work on medication and under a physician's care at the time when the pre-hearing statement filing deadline passed. In this motion, counsel also stated that he had since returned to work, but was unable to respond to the order to show cause because of a significant backlog of work at his office created by his absence and by the absence of two other attorneys, one of whom was on military leave and the other of whom had been transferred to a different section of the office.

Based on these considerations, counsel urged that good cause was established to vacate the rule absolute and sought an extension of time to file a pre-hearing statement. The motion for reconsideration also challenged the hearing officer's authority to create the mandatory requirement of a pre-hearing statement without the benefit of Administrative Procedure Act rule-making on the subject.

CSP's motion to reconsider was summarily denied by the hearing officer. Thereafter, a full panel of the Board issued a decision upholding the hearing officer's order making the rule absolute and rescinding the disciplinary action.

CSP contends that the hearing officer abused her discretion in rescinding the disciplinary action as sanction for its failure to file a pre-hearing statement. We agree.

The authority of the hearing officer on behalf of the State Personnel Board to establish procedures and other rules of practice in proceedings before it, and to impose sanctions for violation of such procedures, is derived from the state constitution. Colo. Const. art. XII, §§ 13 and 14. Those provisions of the constitution establish the personnel system of the state, create the State Personnel Board, and imbue the Board with authority to implement grievance procedures and appeals from actions by appointing authority, as well as rules governing the conduct of hearings by hearing officers where authorized by law. Colo. Const. art. XII, § 14(3).

In accordance with these constitutional requirements, the authority of the hearing officer with respect to hearing procedures is established by the State Administrative Procedures Act (APA), § 24–4–105(2), C.R.S. (1988 Repl.Vol. 10A).

■ These statutory provisions are designed to assure that administrative adjudicatory proceedings are conducted in accordance with due process and will be expedited in the interest of the parties so that no party will be substantially prejudiced thereby. *See* § 24–4–105, C.R.S. (1988 Repl.Vol. 10A). It is therein provided that "the rules of evidence and requirements of proof shall conform, to the extent practicable, with those in civil non-jury cases in the district courts" and that "the person conducting the hearing shall give effect to the rules recognized by law." Section 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A).

As a consequence, the hearing officer is authorized to establish procedures under which administrative adjudicatory proceedings are conducted, including those specified in the Colorado Rules of Civil Procedure. We thus look to the requirements of the Rules for guidance in deciding the issues raised here.

Under C.R.C.P. 16, district courts are accorded considerable discretion in fashioning pre-trial orders to manage cases. And, under C.R.C.P. 16(h), compliance with the

Rule is made mandatory, and, "in the event of non-compliance, the court *shall* impose appropriate sanctions." (emphasis added)

Although C.R.C.P. 16(h) does not specify types of sanctions which may be imposed, the reference in the rule to "appropriate sanctions" leads us to conclude that the court or administrative agency must consider "the complete range of sanctions and weigh the sanctions in light of the full record in the case," just as was required under the case law interpreting the predecessor provisions of C.R.C.P. 16(h). *See Nagy v. District Court*, 762 P.2d 158 (Colo. 1988); C.R.C.P. 121 § 1–18(1)(d).

Accordingly, drastic sanctions such as dismissal with prejudice or striking of pleadings should be reserved for only the most flagrant cases in which the record demonstrates that the party sought to be sanctioned acted deliberately or with rebellious disregard for the court's authority or that such party was grossly negligent in pursuit of its claim, and in which it appears the actions of that party resulted in prejudice to the other party. *Kwik–Way Stores, Inc. v. Caldwell*, 745 P.2d 672 (Colo.1987).

Here, there is no question that CSP's counsel waited too long before apprising the hearing officer of his difficulty in meeting the filing deadline and in responding to the order to show cause. Nevertheless, nothing in the record suggests that either of these actions was deliberate. To the contrary, it would appear that an arguably legitimate excuse existed for the failures.

Likewise, there is nothing in the record to demonstrate that the filing of the prehearing statement itself was essential to the adjudication or that the opposing side was put to a disadvantage in the proceedings or otherwise prejudiced as a result of the non-filing. Furthermore, the hearing officer failed to consider the effectiveness of lesser sanctions and make findings why lesser sanctions would not have been appropriate.

Accordingly, we conclude that the hearing officer abused her discretion by rescinding the disciplinary action. Inasmuch as there was no evidence of willful or flagrant conduct by respondent's counsel and no evidence of prejudice to complainant, that sanction was too severe. *See AAA Crane Service, Inc. v. Omnibank, University Hills, N.A.*, 723 P.2d 156 (Colo.App. 1986).

Moreover, we conclude it was an abuse of discretion for the hearing officer not to grant relief from the order making the order to show cause absolute.

Accordingly, the Board's order dated May 23, 1991, is vacated, and the cause is remanded for the imposition of appropriate sanctions and for a hearing and decision on the merits.

PIERCE and RULAND, JJ., concur.